United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60491
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CLYDE W TAYLOR, JR

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:03-CR-116-3-M
--------------------

Before KING, Chief Judge, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Clyde W. Taylor, Jr., appeals from his sentence following a guilty plea conviction for conspiracy to manufacture and attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. Taylor argues that the district court erroneously held him accountable under relevant conduct for drug quantities found on the person and in the vehicle of co-defendant Tammie Renee Parker. He also argues that the district court failed to use the weight of the pure methamphetamine when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining his offense level and erroneously denied him a mitigating role adjustment.

Taylor was observed exiting a Bally's Casino with Parker and co-defendant Richard Lane Hensley, Parker's husband, after a confidential source reported that Hensley and Taylor were staying in a motel room that contained a methamphetamine lab and that Hensley was about to "cook a batch" of methamphetamine. Taylor left in a separate vehicle from Parker and Hensley. Hensley and Parker were then stopped while on their way to meet Taylor at the motel room, which served as the base of operation for producing methamphetamine. Hensley had just purchased precursor materials. Taylor assisted in the production of the methamphetamine by also purchasing precursor chemicals and by providing transportation for Hensley.

We conclude that the district court did not clearly err by attributing the drug quantities seized from both Hensley and Parker to Taylor under relevant conduct. See U.S.S.G. § 1B1.3; see also United States v. Rogers, 1 F.3d 341, 344-45 (5th Cir. 1993). A review of the record and the presentence report ("PSR") further shows that there is no error in Taylor's sentence based on the calculation of drug weight because the PSR attributed a lesser amount of drugs to Taylor than it might have based on the pure weight of the methamphetamine. Finally, the district court did not clearly err by denying Taylor a mitigating role adjustment because Taylor's conduct was not peripheral to the advancement of the illicit activity. See United States v.

Tremelling, 43 F.3d 148, 153 (5th Cir. 1995); United States v.

Harris, 932 F.2d 1529, 1539 (5th Cir. 1991).

The district court's judgment is AFFIRMED.